UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

TERREBONNE PARISH SCHOOL
BOARD

VERSUS

TEXACO INC., ORYX ENERGY
COMPANY, TOCE OIL CO., INC.,
PERFORATING GUNS-TECHNICAL
OILFIELD SERVICES, INC., CENAC
TOWING CO., INC., LEBEOUF BROS.
TOWING CO., INC.

C. A. NO.  **00-0428**

JUDGE:  **SECT. K MAG. 5**

MAGISTRATE JUDGE:

FILED
U.S. DISTRICT COURT
EASTERN DIST. OF LA

2000 FEB 10   A 9: 46

LORETTA G. WHYTE
CLERK

## <u>NOTICE OF REMOVAL</u>

NOW INTO COURT, through undersigned counsel comes Defendant, Texaco Inc.

("Texaco") who removes this civil action from the 32nd Judicial District Court, Parish of

Terrebonne, State of Louisiana, in which it is now pending, to the United States District

Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §§ 1441, 1446, 1452(A),

11 U.S.C. §105 and 28 U.S.C. §1651.   In support hereof, Texaco states as follows:

1.

On or about October 19, 1999, an action was commenced in the 32nd Judicial District

Court, Parish of Terrebonne, State of Louisiana, entitled "Terrebonne Parish School Board

vs. Texaco Inc." which was identified by Case Number 127,060 on the docket of the 32nd

Judicial District Court.

2.

399661_1



The Terrebonne Parish School Board (the "School Board") alleges that it was the owner of certain marshland property more particularly described as Section 16, Township 21 South, Range 14 East, Terrebonne Parish, Louisiana. Said property is located in what was known as Bayou Junop oil and gas field.

3.

The School Board further alleges that Texaco as successor in interest to the Texas Company dredged access canals and drilled and/or operated at least one oil and gas well on the property. The School Board further alleges that its property in the vicinity of the referenced canals and well was damaged and that Texaco failed to reasonably restore the School Board property.

4.

The School Board further alleges that during the course of its operations, Texaco caused certain allegedly hazardous and toxic materials to be deposited on the School Board's property. The School Board seeks damages and restoration costs with respect to these materials. The School Board also seeks punitive damages pursuant to former La. C.C. Art. 2315.3.

5.

This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1334 (bankruptcy jurisdiction), 11 U.S.C. § 105(a) (the Bankruptcy All Writs Act) and 28 U.S.C. § 1651 (the "All Writs Act").

399661_1

## GROUNDS FOR JURISDICTION

6.

On April 12, 1987, Texaco filed a petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court in and for the Southern District of New York (the "New York Bankruptcy Court") in Jointly Administered Chapter 11 Case Nos. 87-B-20142, 87-B-20143 and 87-B-20144 (collectively, the "Bankruptcy Case").

7.

On March 23, 1988, the New York Bankruptcy Court issued an order (the "Confirmation Order") (Exhibit A), confirming Texaco's Second Amended Joint Plan of Reorganization (the "Plan")(Exhibit B). Pursuant to the Confirmation Order, in accordance with the Plan and the Bankruptcy Code, Texaco was forever discharged from any and all claims or liabilities arising before the date of the entry of the Confirmation Order. Furthermore, pursuant to the Confirmation Order, the commencement of any action or any act to collect, recover or offset any debt discharged therein is permanently enjoined and restrained. Exhibit A, Par. 25.

8.

The New York Bankruptcy Court expressly retained jurisdiction in the Confirmation Order and Plan to resolve any disputes out of or relating to any claim and to enforce and interpret the Plan.

399661_1

9.

In this case, the School Board seeks to recover damages for acts and/or omissions which allegedly took place more that twenty-five (25) years prior to the confirmation of Texaco's 1988 plan of reorganization and bankruptcy discharge. Consequently, the claims asserted herein were discharged in Texaco's 1988 bankruptcy.

10.

Since the School Board is pursuing pre-confirmation claims in direct violation of the injunctions issued by the Bankruptcy Court, this action constitutes a collateral attack upon the Confirmation Order, the Plan and Bankruptcy Court's permanent injunction.

11.

Since the School Board is collaterally attacking the Bankruptcy Court's 1988 injunction and discharge order this court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1334, 11 U.S.C. §105, and 28 U.S.C. §1651. Issues raised in this action are core matters under 28 U.S.C. §157, and therefore upon removal, this case will constitute a core proceeding.

12.

Removal of this action is also authorized by 28 U.S.C. § 1441(c) because the removed action asserts a separate and independent cause of action against Texaco which collaterally attacks the *res judicata* effect of the Confirmation Order. Federal question jurisdiction therefore exists pursuant to 28 U.S.C. § 1331. *See also, Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 397 (1981).

399661_1

13.

In addition, pursuant to the All Writs Act, the federal courts have the authority to issue all commands necessary and appropriate to protect their jurisdiction, or in aid of their jurisdiction, or to effectuate and prevent the frustration of orders previously issued in the exercise of their jurisdiction. The All Writs Act provides an additional source of removal jurisdiction when a federal court's jurisdiction, judgments and orders could be frustrated by a subsequent action in state court. The School Board's pursuit of discharged claims constitutes a collateral attack upon the Confirmation Order and the Plan, and violates the Bankruptcy Court's standing orders and injunctions. They represent an attempt to circumvent the retained jurisdiction of the Bankruptcy court to enforce its prior orders and injunctions. Accordingly, jurisdiction vests in the federal courts under the All Writs Act, 28 U.S.C. § 1651. The provisions of 11 U.S.C. § 105 provide the federal courts with similar powers specifically relating to the enforcement of orders issued by the United States Bankruptcy Courts.

14.

The exercise of jurisdiction over this case by this Honorable Court is necessary and proper to:

   (a)    protect the continuing and retained jurisdiction of the Bankruptcy Court;

   (b)    prevent the possibility of inconsistent or conflicting rulings on the issue of discharge;

   (c)    preserve the integrity of the standing orders and injunctions of the Bankruptcy Court; and

399661_1

    (d)    assure that this case is tried in a manner consistent with the Bankruptcy Court's rulings related to discharge.

Thus, removal jurisdiction also exists pursuant to the All Writs Act.

15.

While there is no requirement under the All Writs Act that a state court case removed pursuant to the Act be removed to the federal district court in which the state court sits, providing no prohibition against removal "across district lines" to the federal court whose outstanding judgment or orders are threatened; nevertheless, Texaco recognizes that normally a case is removed to the federal district court for the district in which the state court sits. Therefore, out of an abundance of caution, Texaco removes this case to this Court, rather than the United States District Court for the Southern District of New York.

## RESERVATION OF RIGHTS TO PURSUE CONTEMPT PROCEEDINGS BEFORE NEW YORK BANKRUPTCY COURT

16.

Texaco submits that under the holding of *Celotex v. Edwards,* 514 U.S. 300, 115 S.Ct. 1493 (1995), the New York Bankruptcy Court which issued the Confirmation Plan and permanent injunction against the prosecution of discharged claims is the most appropriate Court to determine whether the claims asserted in this action fall within the scope of the Discharge Order and injunction. Indeed this Court has found that the New York Bankruptcy Court is the more appropriate Court to determine the scope and effect of Texaco's 1988 bankruptcy discharge on at least one occasion. *See,* Judge Porteous' ruling in the action

399661_1

entitled "Dr. Michael St. Romain, et al. v. Texaco Inc.", Civil Action No. 96-2614, Section T, United States District Court, Eastern District of Louisiana (a copy of which is attached hereto as Exhibit C).

17.

Texaco specifically reserves the right to seek appropriate relief from the New York Bankruptcy Court in order to enforce its bankruptcy discharge relative to the claims which are being asserted in this action.

## PROCEDURAL MATTERS

18.

This removal is made on the authority of 28 U.S.C. § 1441(c), 11 U.S.C. § 105(a) and 28 U.S.C. § 1651. Consequently, the procedural requirement relating to consent of co-defendants to the removal is inapplicable.

## REMOVAL IS TIMELY

19.

Despite having filed its state court action in October, 1999, Texaco was not served with process until January 13, 2000.

20.

This Notice of Removal is filed within thirty (30) days after initial receipt by service upon Texaco and is, therefore, timely pursuant to 28 U.S.C. § 1446(b) and the United States Supreme Court's holding in *Murphy Brothers Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed. 2d 448 (1999).

399661_1

## OTHER MATTERS

### 21.

Texaco, has, with the filing of this Notice of Removal, submitted copies of all process, pleadings and orders delivered to it in the action pending in the state court. True and correct copies of such documents are attached hereto as collective Exhibit "D".

WHEREFORE, Defendant, Texaco Inc. respectfully removed this action to this Court for further proceedings according to law.

Respectfully Submitted:

_____

G. William Jarman (#7238)
Linda S. Akchin (#17904)
Charles S. McCowan, III (#19699)
KEAN, MILLER, HAWTHORNE,
D'ARMOND, McCOWAN & JARMAN, L.L.P.
22ND Floor One American Place
(Post Office Box 3513)
Baton Rouge, Louisiana 70825 (70821)
Telephone: (225) 387-0999

and

Richard S. Pabst
Legal Department
Texaco Inc.
1111 Bagby Street
Room 3910
Houston, Texas 77002
Telephone: (713) 752-7875

Counsel for Texaco Inc.

399661_1